IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Plaintiff,

vs.

                      CIVIL ACTION NO.: CV212-011

K. LENNON; ANTHONY HAYNES;
JUANITA GREEN; Dr. PETER
LIBERO; and SCOTT SCHLEDER,

    Defendants.

## ORDER

Plaintiff Michael D. Marlin ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

Plaintiff alleges that on February 23, 2011, Juanita Green ("Green") assigned him to a 3-person cell that did not have handicapped access and that K. Lennon ("Lennon") did not change that assignment upon Plaintiff's request. Plaintiff states that on February 27, 2011, he fell and was taken by ambulance to a nearby hospital for treatment. Plaintiff indicates that this fall was a result of his cell assignment. Plaintiff states that on February 28, 2011, he was moved to a different cell, but he alleges that the new cell

AO 72A
(Rev. 8/82)

also did not have handicapped access. Plaintiff avers that on December 20, 2011, Warden Anthony Haynes ("Haynes") signed a response to Plaintiff's grievance indicating that Plaintiff had been moved to a wheelchair accessible cell; Plaintiff alleges that Haynes' statement is false. Plaintiff states that during the week of January 16, 2011, he was finally moved to a cell with handicap accessibility.

Plaintiff alleges that on June 6, 2011, Dr. Peter Libero ("Dr. Libero") refused to re-start pain medications that Plaintiff had been administered before his February 27, 2011, fall. Plaintiff avers that on September 14, 2011, Lennon retaliated against him. The alleged retaliation is seemingly in response to Plaintiff's previously-filed habeas corpus petition. Plaintiff alleges that on August 2, 2011, Lennon falsely responded to a cop-out. Plaintiff avers that on January 5, 2011, medical did nothing for an arm injury that Plaintiff allegedly sustained.

In addition to these dated allegations, Plaintiff makes a number of other allegations against the named Defendants. Plaintiff alleges that at some point in time: Lennon did not respond to letters and grievances, Haynes did not respond to letters and grievances, Lennon and Haynes took away 21 days of Plaintiff's good conduct time, medical records are not properly kept at FCI Jesup, Lennon denied Plaintiff mail grievances and access to the courts, Disciplinary Hearing Officer Scott Schleder ("Schleder") improperly dealt with a disciplinary hearing regarding Plaintiff, Schleder sanctioned Plaintiff's use of email, Lennon retaliated against Plaintiff by ordering him to work, and Dr. Libero refused to provide Plaintiff with an orthopedic evaluation. Additionally, Plaintiff makes a number of allegations against individuals not named as

Defendants in his Complaint. Plaintiff names as Defendants: Green, Lennon, Haynes, Dr. Libero, and Schleder.

A plaintiff may not join various claims and defendants unless the claims "arise[ ] out of the same transaction, occurrence, or series of transactions or occurrences and [ ] any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his separate allegations against Defendants. The Court will not allow the joinder of these unrelated claims. Plaintiff is directed to advise the Court as to which claim or related claims against which Defendant(s) he wishes to pursue in this action. Plaintiff may submit separate complaints for his other claims. If Plaintiff does not respond to this Order within thirty (30) days, this Complaint will be dismissed, without prejudice.

In addition to his Complaint, Plaintiff filed a Request for a Cease and Desist Order asking the Court to attend to various conditions of his confinement. Plaintiff also filed a Motion for Preliminary Injunction requesting certain medical attention and requesting that he be relieved from his prison work duties. These Motions will remain pending and will be considered following the receipt of Plaintiff's response to this Order.

**SO ORDERED**, this 30th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)