# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Plaintiff,

vs.

K. LENNON; ANTHONY HAYNES; JUANITA GREEN; Dr. PETER LIBERO; and SCOTT SCHLEDER,

    Defendants.

CIVIL ACTION NO.: CV212-011

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael D. Marlin ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. In addition to his Complaint, Plaintiff filed a Request for a Cease and Desist Order asking the Court to attend to various conditions of his confinement. Plaintiff also filed a Motion for Preliminary Injunction requesting certain medical attention and requesting that he be relieved from his prison work duties.

In his Motion for Preliminary Injunction, Plaintiff asks the Court to order that he be seen by a specialist in the field of neurology or orthopedics. Plaintiff states that he has suffered injuries that if not treated will result in irreparable damage and lifelong paralysis. Plaintiff also asks the Court to order that he be relieved from his prison work

duties. Finally, Plaintiff asks the Court to order FCI Jesup to produce all of his medical records.

In his Request for a Cease and Desist Order, Plaintiff asks the Court to mandate: (1) that the handicapped accessible toilet in his unit be repaired, (2) that Defendant Lennon issue Plaintiff appropriate postage, (3) that Defendant Lennon make copies of Plaintiff's legal documents, and (4) that Defendants provide Plaintiff with a light over his desk. The Court construes Plaintiff's Request for a Cease and Desist Order as a second motion for a preliminary injunction.

To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff has asserted various claims pertaining to his assignment to a cell without handicapped access. To obtain injunctive relief, Plaintiff must show a substantial likelihood of success on at least one claim. Plaintiff has failed to show there is a substantial likelihood that he could prevail on the merits of his Complaint. In short, Plaintiff has failed to meet his burden of showing he is entitled to injunctive relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's requests for injunctive relief be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)