IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

  Plaintiff,

vs.

CIVIL ACTION NO.: CV212-011

KENDRICK LENNON; ANTHONY
HAYNES; JUANITA GREEN;
Dr. PETER LIBERO; and SCOTT
SCHLEDER,

  Defendants.

## ORDER

Plaintiff Michael D. Marlin ("Plaintiff") filed Objections to the Magistrate Judge's Report dated February 22, 2012, which recommended that Plaintiff's Motion for Preliminary Injunction and Request for a Cease and Desist Order, which was construed as a second motion for a preliminary injunction, be denied. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The Magistrate Judge determined that

AO 72A
(Rev. 8/82)

Plaintiff is not entitled to injunctive relief because he has failed to show that there is a substantial likelihood that he could prevail on the merits of his Complaint.

In his Objections, Plaintiff first chronicles numerous events which allegedly exhibit "Unconstitutional Conduct before and now after the Bivens [sic] Claim has been filed[.]" (Doc. No. 24, p. 2). Additionally, Plaintiff provides recitations of law regarding supervisory liability and deliberate indifference. To the extent that Plaintiff is attempting to amend his Complaint to add claims stemming from the factual allegations stated in his Objections, the Court will not allow it. Objections to a Magistrate Judge's Report are not the proper vehicle to amend a complaint to add claims and defendants. See FED. R. CIV. P. 15. Additionally, many of the allegations are not related to the alleged assignment to a cell without handicapped access, the set of circumstances upon which Plaintiff's complaint was served. See FED. R. CIV. P. 20.

Relevant to his Objection to the Magistrate Judge's recommendation of denial of his requests for injunctive relief, Plaintiff states, "[t]he probative evidence and the balance of hardships are in Petitioner's [sic] favor, and no party will be harmed granting the preliminary injunction." (Doc. No. 24-1, p. 2). In support of that assertion, Plaintiff avers that "[t]he attached responses from Defendant Haynes shows a definite cover-up of Defendants Lennon and Green's constitutional deprivations protected under Plaintiff's Eighth Amendment Rights of cruel and unusual punishment." (Id.). Specifically with regard to the first prong of the Schiavo test Plaintiff states, "[t]he evidence that Defendant Haynes is trying to cover-up the unconstitutionally [sic] acts of Lennon and Green, with documented injuries taken to Wayne Memorial Hospital, Jesup, Ga. on

AO 72A
(Rev. 8/82)

February 27, 2011, the fifth day in a non handicapped [sic] wheelchair accessible cell 'cements' the likelihood that I will succeed on the merits[.]" (Doc. No. 24-1, p. 3).

Plaintiff's Complaint was served upon Defendants Haynes, Lennon, Green, and Dr. Libero for alleged deliberate indifference to his medical needs. At this point, Plaintiff has not shown a substantial likelihood of success on the merits of his Eighth Amendment claims against any of the Defendants. Plaintiff asserts, in his Objections, that he has shown enough to prove that Defendant Haynes was deliberately indifferent to his allegedly serious medical needs. But Plaintiff has not shown that Defendant Haynes knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff's Objections to the Magistrate Judge's Report are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Motion for Preliminary Injunction and Request for a Cease and Desist Order, which was construed as a second motion for a preliminary injunction, are **DENIED**.

SO ORDERED, this 27 day of March, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)