IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Plaintiff,

vs.                                          CIVIL ACTION NO.: CV212-011

KENDRICK LENNON; ANTHONY
HAYNES; JUANITA GREEN;
and Dr. PETER LIBERO,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael D. Marlin ("Plaintiff") filed the instant action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging deliberate indifference against four employees of the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendants filed a Motion to Dismiss, to which Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Kendrick Lennon and Juanita Green assigned him to a cell that did not have handicapped access even though they knew that Plaintiff is confined to a wheelchair. Plaintiff asserts that on the fifth day of his confinement in the allegedly improper cell his left knee "popped out" resulting in a fall that injured his neck, back, left knee, right shoulder, and right arm. (Doc. No. 14, p. 1). Plaintiff alleges that Warden

AO 72A
(Rev. 8/82)

Anthony Haynes "tried to cover-up both Lennon's and Green's actions[.]" (Id.). Finally, Plaintiff alleges that Dr. Libero "refused medical comparable to community standards." (Id.). Plaintiff's Complaint was served for potential violations of Plaintiff's Eighth Amendment rights based on potential deliberate indifference to his medical needs.[1]

Defendants contend that all of Plaintiff's claims should be dismissed. Defendants state that they are entitled to qualified immunity as to each of Plaintiff's claims; specifically, Defendants argue that Plaintiff cannot show that his constitutional rights have been violated. Defendants also argue that Plaintiff has failed to state a claim upon which relief may be granted because he has not shown that his constitutional rights have been violated.

## STANDARD OF REVIEW

To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

---

[1] Plaintiff also brought claims under the Rehabilitation Act and the Americans with Disabilities Act. Those claims were dismissed because the Court of Appeals for the Eleventh Circuit has held that individuals are not liable under those Acts. (Doc. No. 20, p. 3).

AO 72A
(Rev. 8/82)

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## QUALIFIED IMMUNITY

Qualified immunity protects a government official performing discretionary functions[2] from suit in his individual capacity, so long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). "After the court concludes the official was acting in a discretionary capacity, 'the burden shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity.'" Brown v. Pastrana, 446 F. App'x 270, 273 (quoting Doe v. Sch. Bd. of Broward Cnty., Fla., 604 F.3d 1248, 1265 (11th Cir. 2010))

---

[2] To determine whether an official was performing a discretionary function, a court should "ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004) (citation omitted).

(emphasis in original). A plaintiff satisfies the burden of showing the defendant is not entitled to qualified immunity by showing: (1) that the defendant violated one of plaintiff's constitutional or federal statutory rights and (2) that the right allegedly violated was clearly established at the time of the alleged violation. Id. (citing Doe, 604 F.3d at 1265); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3]

A right is clearly established if preexisting case law "provide[s] plain notice to every reasonable government official that the pertinent conduct, in the specific circumstances, would clearly violate preexisting federal law." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1031 (11th Cir. 2001). A right is also clearly established if a general constitutional rule already identified in decisional law applies with obvious clarity to the specific conduct in question, if the words of a federal statute or federal constitutional provision are specific enough to establish the law applicable to particular circumstances, or if the official's conduct is so egregious that the official had to know that he was violating the Constitution even without caselaw on point. Id., 268 F.3d at 1032 n. 9.

"The deliberate indifference standard of the Eighth Amendment basically places a duty on jailers to act reasonably to keep inmates safe. A 'duty-to-act-reasonably' standard, by itself, is almost always too general a proposition to give meaningful notice to a public official that what he, in the specific circumstances, is doing violates established federal law." Id., 268 F.3d at 1032 (citation omitted). When the legal standard is a "highly general one, such as 'to act reasonably' . . . preexisting case law,

---

[3] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

4

that has applied the general law to specific circumstances, will almost always be necessary to draw the bright line that is capable of honestly giving fair and clear notice that an official's conduct will violate federal law." Id., 268 F.3d at 1032 n.9. In the Eleventh Circuit, "[w]hen case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, we look to decision of the [United States] Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." Id., 268 F.3d at 1033 n.10 (citation omitted).

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). Therefore, a defense of qualified immunity is properly decided on a motion to dismiss. Gonzalez, 325 F.3d at 1233.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Lennon and Green

Plaintiff alleges that Lennon and Green assigned him to a cell that did not have handicapped access even though they knew that Plaintiff is confined to a wheelchair. Plaintiff asserts that on the fifth day of his confinement in the allegedly improper cell his left knee "popped out" resulting in a fall that injured his neck, back, left knee, right shoulder, and right arm. (Doc. No. 14, p. 1).

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate

AO 72A
Rev. 8/82)

indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation omitted). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted).

O 72A
Rev. 8/82)

By his own admission, Plaintiff has the ability to walk. In his Complaint, Plaintiff states that he "was forced to leave [his] wheelchair in [the] hallway and walk down three steps to [the] cubicle." (Doc. No. 1, p. 3 ¶ 8). In his Response to Defendants' Motion to Dismiss, Plaintiff again states that to enter his cell he had to leave his wheelchair in the hallway and walk down stairs. (See Doc. No. 50, p. 3). Plaintiff has not shown that Lennon and Green knowingly disregarded a risk of serious harm to Plaintiff by placing him in a cell that did not have handicapped access. As a result, Plaintiff has not pled facts sufficient to show that Lennon and Green were deliberately indifferent to any of Plaintiff's serious medical needs. Additionally, Plaintiff has not identified any clearly established law stating that an inmate, who is not a paraplegic, must be assigned to a wheelchair-accessible cell.[4]

Because Plaintiff has not shown that Lennon and Green violated any of his constitutional rights, he has failed to state a claim against Lennon and Green under Bivens, and his claims against them should be dismissed. Alternatively, Lennon and Green are entitled to qualified immunity, and Plaintiff's claims against them should be dismissed.

## II. Warden Haynes

Plaintiff alleges that Warden Haynes "tried to cover-up both Lennon's and Green's actions[.]" (Doc. No. 14, p. 1) (See also Doc. No. 1, p. 11 ¶ 72). In support of this allegation, Plaintiff states that Warden Haynes signed a document, seemingly a

---

[4] Plaintiff avers that "[p]ursuant to Title 28 Code of Federal Regulations section 36 an inmate in a wheelchair shall be placed only in a wheelchair accessible cell." (Doc. No. 50, p. 6). The Court has been unable to find this alleged mandate in the Code of Federal Regulations. The Court has located a regulation which states that "[p]ublic entities shall implement reasonable policies, . . . so as to ensure that each inmate with a disability is housed in a cell with the accessible elements necessary to afford the inmate access to safe, appropriate housing." 28 C.F.R. § 35.152.

7

response to a grievance submitted by Plaintiff, which falsely stated that the improper cell assignment had been remedied. (See Doc. No. 1, p. 4 ¶ 14 and p. 5 ¶ 21).

Plaintiff does not allege that Warden Haynes was involved in Plaintiff's assignment to an allegedly improper cell. As a result, Plaintiff has not pled facts sufficient to show that Warden Haynes was deliberately indifferent to any of Plaintiff's serious medical needs.

To the extent that Plaintiff intended to state a claim for deliberate indifference against Warden Haynes based on his supervisory capacity, Plaintiff's claim still fails. Ordinarily, supervisors are not liable for the unconstitutional acts of their subordinates in a Bivens action. See Ashcroft, 129 S. Ct. at 1949. However,

> [s]upervisory liability lies where the defendant personally participates in the unconstitutional conduct or there is a causal connection between such conduct and the defendant's actions. There are three ways to establish such a causal connection: "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1236 (11th Cir. 2010) (quoting Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 2003)). As previously stated, Plaintiff has not alleged that Warden Haynes personally participated in the assignment of Plaintiff to an allegedly improper cell. Plaintiff has also not alleged a sufficient causal connection between his assignment to an allegedly improper cell and Warden Haynes' actions with

regard to Plaintiff's grievance.[5] Consequently, no liability can be imposed on Warden Haynes for his alleged "cover-up."

Because Plaintiff has not shown that Warden Haynes violated any of his constitutional rights, he has failed to state a claim against Warden Haynes under Bivens, and his claims against Warden Haynes should be dismissed. Alternatively, Warden Haynes is entitled to qualified immunity, and Plaintiff's claims against him should be dismissed.

III. Dr. Libero[6]

Plaintiff alleges that Dr. Libero "refused medical comparable to community standards."[7] (Doc. No. 14, p. 1). In support of this allegation, Plaintiff states that Dr. Libero refused to restart Plaintiff's pain medications, which Plaintiff was allegedly taking before his fall. (See Doc. No. 1, p. 5 ¶ 23). Plaintiff also states that Dr. Libero has refused to provide Plaintiff with an orthopedic evaluation. (See Doc. No. 1, p. 10 ¶ 68).

Plaintiff has not shown that Dr. Libero knowingly disregarded a risk of serious harm to Plaintiff by failing to prescribe pain medicine to Plaintiff or by failing to provide

---

[5] Plaintiff cites Sealey v. Pastrana, 399 F. App'x 548 (11th Cir. 2010), in support of his argument that Warden Haynes is liable in a supervisory capacity. In Sealey, the Eleventh Circuit determined that because "the only record evidence regarding [Warden] Pastrana's involvement in Sealey's medical treatment [was] a response to Sealey's request for an administrative remedy," Sealey "failed to introduce any evidence either of Pastrana's personal participation in his alleged constitutional deprivation or a causal connection between Pastrana's actions and this deprivation." Id. at 552. Like the warden in Sealey, Warden Haynes has not been shown to be liable in a supervisory capacity.

[6] In his Response to Defendants' Motion to Dismiss, Plaintiff discusses Dr. Libero's liability, personally and in a supervisory capacity, premised upon his failure to stop or correct the allegedly improper cell assignment. In his Complaint, Plaintiff did not make any allegations against Dr. Libero in relation to the allegedly improper cell assignment; as a result, no such claims are pending in this action.

[7] Defendants argue that Plaintiff's claims against Dr. Libero are not related to the rest of his claims. It is unclear whether Plaintiff intended to assert that he needs pain medication and an orthopedic evaluation as a result of his fall, which allegedly occurred as a result of his assignment to an improper cell. Because the Court is required to construe Plaintiff's Complaint liberally, the Court allowed service of Plaintiff's claims against Dr. Libero, which can be read as arising from the same transaction or occurrence as the rest of Plaintiff's claims.

Plaintiff with an orthopedic evaluation. As a result, Plaintiff has not pled facts sufficient to show that Dr. Libero was deliberately indifferent to any of Plaintiff's serious medical needs. Additionally, Plaintiff has not identified any clearly established law showing that he was entitled to pain medicine or an orthopedic evaluation.[8]

Because Plaintiff has not shown that Dr. Libero violated any of his constitutional rights, he has failed to state a claim against Dr. Libero under Bivens, and his claims against Dr. Libero should be dismissed. Alternatively, Dr. Libero is entitled to qualified immunity, and Plaintiff's claims against him should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Because Plaintiff has not shown that any of the Defendants were deliberately indifferent to any of his serious medical needs, his allegations fail to state a claim under Bivens. Alternatively, all Defendants are entitled to qualified immunity.

**SO REPORTED AND RECOMMENDED**, this 11th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiff cites to three Supreme Court cases to support his statement that Dr. Libero "violated the evolving standards of decency that mark the progress of a maturing society." (Doc. No. 50, p. 8). None of these cases are factually similar to Plaintiff's, and none of these cases provide clearly established law relating to the administration of pain medicine or the scheduling of an orthopedic evaluation.

10

AO 72A
Rev. 8/82)