FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 30 A 8: 36

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV212-011

KENDRICK LENNON; ANTHONY
HAYNES; JUANITA GREEN;
and Dr. PETER LIBERO,

    Defendants.

## ORDER

Plaintiff filed Objections[1] to the Magistrate Judge's Report dated September 11, 2012, which recommended that Defendants' Motion to Dismiss be granted. After an independent and de novo review of the record, the undersigned agrees with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that, as to each Defendant, Plaintiff failed to state a claim for any constitutional violation, or, in the alternative, that each Defendant is entitled to qualified immunity. In his Objections, Plaintiff restates his allegations against all Defendants and reasserts that all Defendants knew of his "serious medical condition(s) confining Plaintiff to a WHEELCHAIR[.]" (Doc. No. 70, p. 2). Plaintiff argues that Defendants are not entitled to qualified immunity because: (1) they knew of Plaintiff's disabilities, (2) they knew Plaintiff needed a wheelchair, (3) they violated his

---

[1] Attached to his Objections, Plaintiff filed numerous exhibits. Plaintiff also filed an affidavit. (Doc. No. 71). At the Motion to Dismiss stage, only the pleadings are considered.

Eighth Amendment rights, (4) they violated Bureau of Prisons Program Statement 6031.01, (5) they knew of the potential risk of placing Plaintiff in a non-handicapped accessible cell, (6) Plaintiff was placed in a handicapped accessible cell after coming from the hospital, and (7) Warden Haynes's response to a grievance acknowledged that Plaintiff was not assigned to a non-handicapped accessible cell. (Doc. No. 70, p. 5).

I. Defendants Lennon and Green

As the Magistrate Judge noted, Plaintiff, by his own admission, has the ability to walk.[2] As to Defendants Lennon and Green, whom Plaintiff avers assigned him to a non-handicapped accessible cell, the Magistrate Judge determined that "Plaintiff has not shown that Lennon and Green knowingly disregarded a risk of serious harm to Plaintiff by placing him in a cell that did not have handicapped access. As a result, Plaintiff has not pled facts sufficient to show that Lennon and Green were deliberately indifferent to any of Plaintiff's serious medical needs. Additionally, Plaintiff has not identified any clearly established law stating that an inmate, who is not a paraplegic, must be assigned to a wheelchair-accessible cell." (Doc. No. 58, p. 7). The undersigned agrees.

Plaintiff has not alleged facts sufficient to show that Lennon or Green possessed "subjective knowledge of a risk of serious harm" that would be caused by placing Plaintiff, who is not a paraplegic, in a non-handicapped accessible cell. Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (citation omitted). Taking Plaintiff's allegations as true, Lennon and Green knew of Plaintiff's <u>alleged</u> ailments which

---

[2] Plaintiff avers in multiple documents, including his Objections, that he was "forced" to leave his wheelchair and to walk down three stairs to enter his cell. (Doc. No. 70, p. 7). Clearly, Plaintiff had the ability to leave his wheelchair and walk down three stairs because he did so.

2

allegedly resulted in his need for a wheelchair. However, knowledge of an ailment is not the same as knowledge and appreciation of a risk of serious harm.

Furthermore, Plaintiff has not identified any clearly established law stating that an inmate, who is not a paraplegic and who has the ability to stand and walk, must be assigned to a handicapped accessible cell. Plaintiff avers that "two pages of 28 Code of Federal Regulations Pt. 36, App. A show[ ] that wheelchair bound prisoners (federal prisoners) must have wheelchair accessible living quarters." (Doc. No. 70, p. 8). The undersigned has reviewed this document, attached to Plaintiff's Objections, and it says nothing about which prisoners are entitled to handicapped accessible cells. (Doc. No. 70-2, p. 9).

## II. Defendant Warden Haynes

As to Defendant Warden Haynes, whom Plaintiff avers tried to "cover-up both Lennon's and Green's actions," (Doc. No. 14, p. 1), the Magistrate Judge determined that Plaintiff had not adequately alleged supervisory liability because "Plaintiff has not alleged that Warden Haynes personally participated in the assignment of Plaintiff to an allegedly improper cell. Plaintiff has also not alleged a sufficient causal connection between his assignment to an allegedly improper cell and Warden Haynes' actions with regard to Plaintiff's grievance.³ Consequently, no liability can be imposed on Warden Haynes for his alleged 'cover-up.'" (Doc. No. 58, pp. 8–9). The undersigned agrees.

---

³ Plaintiff cites Sealey v. Pastrana, 399 F. App'x 548 (11th Cir. 2010), in support of his argument that Warden Haynes is liable in a supervisory capacity. In Sealey, the Eleventh Circuit determined that because "the only record evidence regarding [Warden] Pastrana's involvement in Sealey's medical treatment [was] a response to Sealey's request for an administrative remedy," Sealey "failed to introduce any evidence either of Pastrana's personal participation in his alleged constitutional deprivation or a causal connection between Pastrana's actions and this deprivation." Id. at 552. Like the warden in Sealey, Warden Haynes has not been shown to be liable in a supervisory capacity.

3

Plaintiff's Objections, which simply re-allege that Warden Haynes "refuse[d] to correct," (Doc. No. 70, p. 8), Lennon and Green's conduct, are not persuasive.

### III. Defendant Dr. Libero

As to Defendant Dr. Libero, whom Plaintiff avers "refused medical comparable to community standards," (Doc. No. 14, p. 1), the Magistrate Judge determined that "Plaintiff has not shown that Dr. Libero knowingly disregarded a risk of serious harm to Plaintiff by failing to prescribe pain medicine to Plaintiff or by failing to provide Plaintiff with an orthopedic evaluation. As a result, Plaintiff has not pled facts sufficient to show that Dr. Libero was deliberately indifferent to any of Plaintiff's serious medical needs. Additionally, Plaintiff has not identified any clearly established law showing that he was entitled to pain medicine or an orthopedic evaluation." (Doc. No. 58, pp. 9–10). The undersigned agrees.

Plaintiff has not alleged facts sufficient to show that Dr. Libero possessed "subjective knowledge of a risk of serious harm" that would be caused by not prescribing Plaintiff pain medicine or by not providing Plaintiff with an orthopedic evaluation. Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (citation omitted). Taking Plaintiff's allegations as true, Dr. Libero knew of Plaintiff's alleged injuries following his fall. However, knowledge of an injury is not the same as knowledge and appreciation of a risk of serious harm. Furthermore, Plaintiff has not identified any clearly established law showing that he was entitled to pain medicine or an orthopedic evaluation.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **OVERRULED**. The Report and Recommendation of the

AO 72A
(Rev. 8/82)

Magistrate Judge is adopted as the Opinion of the Court. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 29 day of January, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)